UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TINISHA COX, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>COPPERAS COVE LTC PARTNERS, INC. AND CENTURY REHABILITATION OF TEXAS, LLC,<br><br>DEFENDANTS | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:20-cv-971 |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff Tinisha Cox ("Named Plaintiff") on behalf of herself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred to as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against Copperas Cove LTC Partners, Inc. and Century Rehabilitation of Texas, LLC under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich*

*& Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants Copperas Cove LTC Partners, Inc. and Century Rehabilitation of Texas, LLC ("Defendants") have violated the FLSA by failing to properly pay their employees overtime premiums for all hours worked over forty in a workweek.

3. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendants' compensation policies, Named Plaintiff brings this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Named Plaintiff Tinisha Cox is an individual residing in this judicial district.  Her notice of consent is attached to Plaintiff's Original Collective Action Complaint as Exhibit A.  At all relevant times, Cox was an "employee" of Defendants as defined by the FLSA.  At all relevant times, Defendants jointly acted as Cox's "employer" as defined by the FLSA.

5. Defendant Copperas Cove LTC Partners, Inc. is a domestic for profit corporation formed and existing under the laws of Texas.  Defendant Copperas Cove LTC Partners, Inc. can be served with process by serving its registered agent, Bobby J. Bergeron, at 8505 Technology Forest, Suite 1004, The Woodlands, Texas 77381.  Defendant Copperas Cove LTC Partners, Inc.  was an employer of Named Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

6. Defendant Century Rehabilitation of Texas, LLC is a domestic limited liability corporation formed and existing under the laws of the State of Texas.  Defendant Century Rehabilitation of Texas, LLC can be served by serving its registered agent for service of process, Richard K. Pellerin, at 8787 N. Stemmons Fwy. Tower, Suite 280 F, Dallas Texas 75247.  Defendant Century Rehabilitation of Texas, LLC was an employer of Named Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

### III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law. Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

8. The Court has personal jurisdiction over Defendants because Defendants conduct business in Texas and have entered into relationships with Plaintiff in Texas and have committed actions in Texas that give rise to this cause of action.

9. Venue is proper in the Western District of Texas, Waco Division, pursuant to 28 U.S.C. § 1391(b), because Defendants are located in and do business in this Division. Inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of this civil action, Defendants reside in this district and division. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

10. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

11. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in

commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. Named Plaintiff and Class Members handled and otherwise worked with equipment, such as telephones, computers, medical supplies and medical equipment that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

15. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

16. Plaintiff was originally employed as a Certified Nursing Assistant ("CNA") by Defendant Copperas Cove LTC Partners, Inc. ("Copperas Cove"), a long term care facility operating in Copperas Cove, Texas.  While employed by Copperas Cove, Plaintiff worked a significant number of unpaid overtime hours while she was on call.

17. Plaintiff was subsequently jointly employed by Century Rehabilitation of Texas, LLC ("Century") and Copperas Cove when she was "promoted" to be a Restorative Aide in the rehabilitation department at Copperas Cove, which was operated by Century.  While working as a Restorative Aide, Ms. Cox was frequently forced by Century to work off the clock.  Additionally, Century

would frequently cut Ms. Cox's hours to keep her hours below forty hours per week. When Ms. Cox complained about these practices, her complaints were simply ignored.

18. While working as a Restorative Aide, Ms. Cox was simultaneously subjected to the direction and control of both Defendants. Despite Ms. Cox's "promotion," Ms. Cox continued to work as a CNA for Copperas Cove, and often worked as both a Restorative Aide and a CNA in the same day.

19. Both Defendants jointly employed Plaintiff. Both Defendants set Ms. Cox's rate of pay, both possessed the power to hire and fire Ms. Cox and exercised such power, both Defendants supervised and controlled Ms. Cox's work schedules and conditions of employment and both Defendants maintained Ms. Cox's employment records. *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012).

20. Even though both Defendants jointly employed Plaintiff, Defendants refused to combine the hours Ms. Cox worked for both Defendants each week for overtime purposes. The joint employment doctrine "treats a worker's employment by joint employers as 'one employment' for purposes of determining compliance with the FLSA's wage and hour requirements." *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 134 (4th Cir. 2017); accord 29 C.F.R. § 791.2(a) ("[A]ll of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act."). Thus, a finding of joint employment requires that the hours an employee works for each joint employer "be aggregated for overtime pay purposes" and that the joint employers be held jointly and severally liable for any failure to pay proper overtime compensation. *Wirtz v. Hebert*, 368 F.2d 139, 141 (5th Cir. 1966); *Mitchell v. John R. Cowley & Bro., Inc.*, 292 F.2d 105, 111–12 (5th Cir. 1961).

21. Although they consistently worked very long hours, well over forty hours per week, Plaintiffs were not properly compensated for their overtime hours, nor were they paid for all overtime hours.

Defendants required the Plaintiffs to work the long hours described above, and thus knew that Plaintiffs regularly worked in excess of 40 hours per week. Nonetheless, Defendants failed and refused to compensate Plaintiffs at a rate that is not less than time-and-one-half their regular rates of pay for all hours worked in excess of 40 in a workweek.

22. Defendants have jointly employed and are jointly employing other individuals as Certified Nursing Assistants and/or Restorative Aides who have performed the same job duties under the same pay provisions as Named Plaintiff, in that they have performed, or are performing, the same job duties and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay for all hours worked over forty per workweek.

23. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay Named Plaintiff and the Class Members for all hours worked over forty per workweek.

24. In addition to the above, in September 2020, Ms. Cox filed a wage claim with the Texas Workforce Commission against both Copperas Cove and Century complaining about all of the conduct described above. Within two weeks after filing this wage claim, both Defendants terminated Ms. Cox's employment.

## VI. COLLECTIVE ACTION ALLEGATIONS

25. Named Plaintiff and the Class Members have performed—and are performing—the same or similar job duties as one another. Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that they were not paid for all hours worked over forty per workweek. Thus, the Class Members are owed one and one-half their properly calculated regular hourly rate for all hours worked over forty in a workweek without regard to their individualized circumstances.

26. Defendants have a policy or practice of not paying their employees for all hours worked over forty per workweek. These policies or practices are and have been, at all relevant times, applicable to the Named Plaintiff and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policies or practices that resulted in the refusal to pay overtime compensation for all hours worked over forty per workweek to Named Plaintiff also applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former Certified Nursing Assistants and/or Restorative Aides or others that occupied similar positions who were employed, either jointly or individually, by Defendants and were not compensated for all hours worked over forty per workweek.**

## VII. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

27. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their correct regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs in accordance with applicable law.

28. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the correct regular rate at which their employees are paid are applicable to the Named Plaintiff or Class Members.

## VIII.  INDIVIDUAL CAUSE OF ACTION

## RETALIATION

29. Within weeks of complaining about the unlawful conduct described above, both Defendants retaliated against Plaintiff by discharging her.  The retaliation Plaintiff experienced was a direct result of, and caused by, Plaintiff's complaints regarding the Defendants' failure to pay overtime compensation.  Defendants' actions constitute a violation of 29 U.S.C. §215(a)(3).

30. Further, this conduct is wholly inconsistent with a good faith effort by the Defendants to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard retaliated against Plaintiff in violation of the FLSA.  Therefore, in addition to attorneys' fees and costs, Plaintiff seeks compensatory damages, liquidated damages, and punitive damages in connection with Defendants' unlawful retaliatory conduct.

## IX. PRAYER FOR RELIEF

Named Plaintiff and the Class Members pray for an expedited order certifying the classes enumerated above and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) individually, and on behalf of any and all such class members, and, upon trial of this cause, judgment against Defendants, jointly and severally, as follows:

a.  For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

b.  For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c.  For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees;

d.  For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e.  For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*;

f.  For an Order awarding Plaintiff, individually, compensatory and liquidated damages for Defendants' unlawful retaliatory conduct, and

g.  For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

MORELAND VERRETT, P.C.

/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
700 West Summit Dr.
Wimberley, Texas 78676
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**